UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS

LINDA M. JACKSON                             NO.: 11-00104-BAJ-EWD

## RULING AND ORDER

Before the Court is the **Motion for Reconsideration 18 U.S.C. 3742(e) Post Sentencing Rehabilitation Program (Doc. 120)** filed by Defendant Linda Jackson, in which she seeks a reduction of her sentence because of her post-sentencing rehabilitation efforts. The motion is opposed. (Docs. 121, 122).

Defendant argues that because of her enrollment in and completion of various rehabilitative and educational programs while in custody, her 60-month sentence should be reduced. In support of this assertion, Defendant relies on *Pepper v. United States*, 562 U.S. 476 (2011), which held that when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's rehabilitation, and that such evidence may, in some cases, support a downward variance from the sentencing guidelines.

Defendant's reliance on *Pepper* is flawed, primarily because Defendant's case is not in a procedural posture for *Pepper* to apply. Under *Pepper*, district courts are directed to consider post-sentencing rehabilitation after a defendant's sentence has been set aside on appeal. *Pepper*, 562 U.S. at 490. Defendant did not appeal her

1

sentence to the U.S. Fifth Circuit Court of Appeals, nor did the Fifth Circuit otherwise instruct this Court to resentence her.

Defendant does not otherwise identify a basis upon which her sentence may be reduced. As the Court has previously noted, its jurisdiction to modify a sentence is limited to the circumstances specified in 18 U.S.C. § 3582(b) and (c). (Doc. 29). *See also United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances include the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Federal Rule of Criminal Procedure 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. *See* § 3582(c). Defendant fails to assert grounds for modification that fall into any of these categories. Thus, the Court does have the authority to alter Defendant's sentence.

Accordingly,

**IT IS ORDERED** that the **Motion for Reconsideration 18 U.S.C. 3742(e) Post Sentencing Rehabilitation Program (Doc. 120)** is **DENIED**.

Baton Rouge, Louisiana, this 8th day of November, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**